UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**GWEN ALSBURRY**                    CASE NO. 2:22-CV-03453

**VERSUS**                           JUDGE JAMES D. CAIN, JR.

**STATE FARM FIRE & CASUALTY CO ET AL**   MAGISTRATE JUDGE LEBLANC

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 27] filed pursuant to Federal Rule of Civil Procedure 41(b) by defendants State Farm Fire & Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company (collectively, "State Farm"). The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from alleged damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. Plaintiff, who was then represented by counsel from the law firm of McClenny Moseley & Associates, filed suit in this court against the above-referenced State Farm entities on August 23, 2022, raising claims of breach of insurance contract and bad faith. Doc. 1. All cases filed by plaintiff's counsel were suspended due to concerns about misconduct committed by that firm. Docs. 4, 9.

On August 18, 2023, Magistrate Judge Kay entered an order terminating MMA's representation of plaintiff, reminding plaintiff of her responsibilities as a pro se litigant

until she obtained other representation, and directing the parties to "immediately proceed according to the Court's Case Management Order No. 1 (Doc. 2)." Doc. 17. On September 20, 2023, plaintiff attended a status conference before Magistrate Judge Kathleen Kay and indicated that she would proceed with the litigation as a *pro se* plaintiff. Doc. 18.

On November 2, 2023, Magistrate Judge Kay ordered the parties to provide written status reports on or before November 22, 2023. Doc. 20. State Farm complied but plaintiff did not. Docs. 21, 22. In its status report, State Farm also indicated that plaintiff had not provided her initial disclosures as required by the Case Management Order. Doc. 21. Magistrate Judge Kay granted plaintiff a final opportunity to file her status report by 12:00 pm on November 30, 2023, and further ordered her to submit her initial disclosures to defendants by that date. Doc. 22. State Farm then provided a second status report on the afternoon of November 30, 2023, averring that plaintiff had not complied. Doc. 23. Magistrate Judge Kay held a status conference on December 1 and ordered plaintiff to provide her initial disclosures by December 8, 2023, or face a report and recommendation that the suit be dismissed. Doc. 24.

State Farm filed a third status report on December 11, 2024, indicating that it had still not received plaintiff's initial disclosures. Doc. 25. State Farm then filed this motion, urging the court to dismiss the matter due to plaintiff's failure to prosecute her claims. Doc. 27. Plaintiff filed no response within the deadlines set by the court. *See* doc. 28. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or comply with a court order, with or without notice to the parties, "incident to its inherent powers." *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) (citing *Link v. Wabash R.*, 370 U.S. 626, 630–33 (1962)); *see also Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). Here plaintiff failed to comply with the terms of the Case Management Order, despite multiple direct warnings and extensions. To date she has not come forward and provided the information necessary so that this action may progress. Accordingly, her claims should be dismissed due to both her violation of court orders as well as her failure to prosecute the matter.

A case should only be dismissed with prejudice under Rule 41(b) "upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice.'" *Rogers*, 669 F.2d at 320 (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). When a dismissal is without prejudice but the applicable statute of limitations probably bars further litigation, the court of appeals reviews the matter as a dismissal with prejudice. *Griggs v. S.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018). In most cases affirming dismissal with prejudice, the Fifth Circuit has found at least one of the following aggravating factors: (1) delay caused by the plaintiff himself and not by his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). A delay warranting dismissal "must be longer than just a few months;

instead, the delay must be characterized by significant periods of total inactivity." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (internal quotations omitted).

Here plaintiff has taken no action in the case since she appeared at the status conference in September 2023, a period of eight months by this point. Additionally, the delay is clearly attributable to plaintiff rather than an attorney since she is representing herself. Because there is no record of bad faith or contumaciousness on plaintiff's part, the court will only dismiss the claims without prejudice. Plaintiff thus faces a slim window to revive her claims, given that the suit was filed so close to the expiration of the two-year limitations period for Hurricane Laura. But the court can find no sanction short of dismissal appropriate to remedy plaintiff's unwillingness to participate in the suit. Accordingly, State Farm's motion will be granted.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 27] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of May, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE